UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **MARGARET M. HAMILTON** | * | **CIVIL ACTION NO.:  5:19-CV-01201** |
| | * | |
| | * | **JUDGE S. MAURICE HICKS, JR.** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE HAYES** |
| | * | |
| **LOWE'S HOME CENTERS, L.L.C.** | * | **JURY TRIAL** |

## LOWE'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Plaintiff, Margaret Hamilton, cannot satisfy her requisite burden of proof set forth in the Louisiana Merchant Liability Act. Ms. Hamilton must prove Lowe's either created or had actual or constructive notice of the cat feces that she claims caused her to slip and fall.[1] It is clear Lowe's did not create or have actual notice of the cat feces. Lowe's anticipates Ms. Hamilton will try to argue Lowe's constructive notice, but there is no evidence supporting this. In fact, Ms. Hamilton's testimony and the testimony of Lowe's employees proves Lowe's did not have constructive notice. Ms. Hamilton cannot meet her burden because she has no summary judgment evidence that this cat feces existed for some period of time to give rise to the constructive notice element. This total lack of evidence is fatal to her claim, and Ms. Hamilton's lawsuit should be summarily dismissed.

## FACTUAL BACKGROUND

On December 6, 2017, Ms. Hamilton allegedly slipped and fell in cat feces inside Lowe's Garden Center while shopping for a poinsettia plant. Ms. Hamilton admitted she did not see the feces before her fall:

> Q:   And so did you see anything on the floor before you fell?

---

[1] La. R.S. 9:2800.6(B)

| | | |
|---|---|---|
| A: | No.[2] | |
| *** | | |
| Q: | And was there anything blocking your view in between where you were walking and where you fell? | |
| A: | No. | |
| Q: | . . . What do you believe caused you to fall? | |
| A: | Because I stepped in something and my feet just caused me to fall. | |
| Q: | Did you know what that something . . . was at the time of the fall? | |
| A: | . . . [N]ot until after I fell.[3] | |

It does not end here because despite shopping in Lowe's Garden Center (including the area in which she fell), for "longer than 10 minutes . . . [but] [l]ess than an hour,"[4] Ms. Hamilton saw no evidence of animals or feces.[5] This fact is fatal to her claim.

Louisiana law has long established that Ms. Hamilton must come forward with summary judgment evidence demonstrating this cat feces existed for some period of time to give rise to the constructive notice element of the Louisiana Merchant Liability Act. But Ms. Hamilton has no knowledge or evidence of how the feces came to be on the ground or for how long it was there:

| | |
|---|---|
| Q: | But did you see a dog? |
| A: | No. |
| Q: | Deposit this there? |
| A: | No. |
| Q: | Did you see a cat deposit this there? |
| A: | No. |
| Q: | So, you didn't know about it on the floor until after you fell? |
| A: | Right. |
| Q: | [Y]ou don't know how it got there[?] |
| A: | No. |
| Q: | So you wouldn't know how long it was on the floor? |
| A: | No. |
| Q: | . . . [D]o you know of anybody who knew how long it was on the floor? |
| A: | No. |
| Q: | . . . [And] you don't know of any Lowe's employee that knew |

---

[2] See, Plaintiff's Deposition attached hereto as Exhibit A at Page 33, lines 22-25.
[3] Exhibit A at Page 34, lines 1-19.
[4] Exhibit A at Page 30, lines 2-9 (A: It was probably a little bit longer than ten minutes. Q: Okay. Less than thirty, do you think? A: Not sure. Q: Not sure. A: It wasn't an hour. Q: Okay. Less than an hour? A: Yes.).
[5] See, Exhibit A at Page 29, lines 5-9 (A: It [her path of entry] was in the vicinity but not . . . the exact path that I took).

> > how long it was on the floor?
>
> A: No.[6]

Moreover, just like Ms. Hamilton did not see any animals or the cat feces before she slipped and fell neither did Lowe's employees.[7] Lowe's Garden Center cashier, Debra Calvin, testified:

> Q: . . . [Y]ou started your shift at 9:00 a.m.; is that correct?
> A: Yes.
> Q: Did you see any animals in the garden center that day?
> A: No.
> Q: Did you see any animal feces on the ground that day?
> A: No.
> Q: Did you have any complaints of animal feces in the lawn and garden center that day?
> A: No.
> Q: . . . Had you ever seen animal feces on the ground in the lawn and garden center?
> A: No.
> Q: . . . Did you ever have any complaints of animal feces on the ground in the garden center?
> A: No.[8]

Calvin's testimony is mirrored by her fellow Lowe's employee, Michael Copelin's, testimony. Copelin arrived on the scene soon after Ms. Hamilton's fall. He testified:

> Q: [D]id you see any animals at Lowe's that day?
> A: I did not.
> Q: And did you see any feces at Lowe's that day . . . other than the incident with Ms. Hamilton?
> A: No, I did not.
> Q: Did you get any complaints of feces that day other than the incident with Ms. Hamilton?
> A: No, I did not.[9]

Furthermore, Calvin walked through the area where Ms. Hamilton fell **less than 30 minutes before** the fall and she did not see feces on the ground:

> Q: Did you notice animal feces [on the ground] when you walked back from your break?

---

[6] Exhibit A at Page 36-37.
[7] Other than feces involving Plaintiff's incident.
[8] See, Debra Calvin's Deposition attached hereto as Exhibit C at Page 70-71.
[9] See, Michael Copelin's Deposition attached hereto as Exhibit B at Page 48.

>   A:   No.
>   Q:   How long before the incident with Ms. Hamilton was that?
>   A:   I would say within 30 minutes.
>   Q:   And you did not see any feces on the ground during that 30 minutes?
>   A:   No.[10]

The Lowe's employees' testimony shows the cat feces was not on the ground long enough for Lowe's to have notice of it. And the recency of its deposit is evidenced by its consistency – the feces was wet and fresh.

The cat feces was so wet and fresh that it smeared up Plaintiff's leg when she fell.[11] Calvin explained:

>   Q:   Can you tell me the consistency of the feces that was on the ground?
>   ***
>   A:   It was wet.
>   Q:   Okay. Did it appear fresh?
>   ***
>   THE WITNESS:   Yes.[12]

Copelin's, testimony was consistent with Calvin's:

>   Q:   Can you describe the consistency of the feces for me, please?
>   THE WITNESS: . . . It was smeared. It appeared to be moist [.][13]

Ms. Hamilton has not and cannot produce any positive evidence as to how the cat feces came to be on the ground, when it was deposited on the ground, or for how long it remained on the ground. Ms. Hamilton has no positive evidence proving Lowe's had the requisite notice. Thus, Lowe's cannot be liable under the repetitively enforced Louisiana law.

---

[10] Exhibit C at Page 72.
[11] Exhibit B at Page 22, lines 23-25 (Q. Okay. Did she have any of the feces on her shoes or her clothes that you remember? A. As I recall she had some on her boots.).
[12] Exhibit C at Page 81, lines 13-22. Note the objections. During the course of the deposition, Mr. Rice objected to additional questioning of Lowe's employee regarding these topics despite the fact that this was a discovery deposition.
[13] Exhibit B at Page 48, lines 3-9. Note the objections.

## LAW AND ARGUMENT

*"The plaintiff in a slip and fall case
[has] a difficult burden to overcome."* [14]

In order to recover, a plaintiff must prove all of the elements set forth in the Louisiana Merchant Liability Act. Failure to prove even one element is fatal to Ms. Hamilton's claim.[15] Under La. R.S. 9:2800.6(B), Ms. Hamilton must prove:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
> **(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and**
> (3) The merchant failed to exercise reasonable care.[16]

It is clear Lowe's did not create or have actual notice of the cat feces. Ms. Hamilton will try to argue Lowe's constructive notice of the cat feces, but Ms. Hamilton has no summary judgment evidence that the cat feces existed for some period of time before her slip and fall that would give rise to Lowe's constructive notice.

**A. Ms. Hamilton cannot meet her burden of proof to show Lowe's had constructive notice of the complained of condition – the cat feces – which allegedly caused her to slip and fall.**

The Louisiana Supreme Court defined constructive notice in the landmark case, *White v. Wal-Mart Stores, Inc.* Since *White*, numerous Louisiana courts and the Western District continue to grant summary judgment time and time again when a plaintiff cannot show the complained-of condition existed for some period of time before the fall.[17] Here, Ms. Hamilton cannot show the

---

[14] *Morrison v. Brookshire Grocery Co., Inc.*, 2008-16 (La. App. 3 Cir. 5/14/08), 2008 WL 2042815, at *3.
[15] *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So.2d 1081, 1086.
[16] La. Stat. Ann. § 9:2800.6(emphases added).
[17] *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So. 2d 1081, 1086 ("The claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care."). See also, *Collins v. Home Depot, U.S.A., Inc.*, 15-199 (La. App. 5 Cir. 12/9/15), 182 So.3d 324, 332 (emphasis added) ("To carry his burden of proving this temporal element … a plaintiff must present 'positive evidence' of the existence of the condition prior to the accident … Unsupported speculation and conclusory allegations will not satisfy a plaintiff's burden of proof").

feces was on the ground for any length of time.

This Court – the Western District's Shreveport Division –already addressed this identical issue, absent the cat feces, by granting summary judgment in favor of Wal-Mart in May of 2018 in *Washington v. Wal-Mart Louisiana LLC*, when the plaintiff alleged she slipped and fell in clear liquid at the checkout counter.[18] The plaintiff did not provide any positive evidence demonstrating the amount of time the liquid had been on the floor. She simply testified that she did not see anyone spill anything on the floor while she was checking out.[19] This Court granted summary judgment for Wal-Mart because the plaintiff produced no positive evidence indicating the liquid was on the floor for such a period of time that Wal-Mart should have discovered its existence.[20]

Further, this Court's sister court – the Western District's Alexandria Division – addressed the same issue and granted summary judgment based on lack of constructive notice in May of 2019 in *Thomason v. Outback Steakhouse of Fla., L.L.C.*. The plaintiff sued Outback when she slipped on an unknown substance next to her booth.[21] The plaintiff did not see the substance on the floor when she was seated, she did not know how the substance came to be on the floor, she could not identify what caused the substance on the floor, and she did not know how long the substance had been there.[22] The plaintiff was not looking down at the floor when she fell, and she did not know what caused her to fall when it happened.[23] Outback also produced testimony showing their employee did not see anything on the floor when she escorted the plaintiff to her

---

[18] *Washington v. Wal-Mart Louisiana LLC*, No. CV 16-1403, 2018 WL 2292762, at *1 (W.D. La. May 17, 2018)
[19] *Id.*
[20] *Id.* at *6.
[21] *Thomason v. Outback Steakhouse of Fla., L.L.C.,* No. 1:17-CV-01541, 2019 WL 3526839, at *1 (W.D. La. May 14, 2019), report and recommendation adopted sub nom. *Thomason v. Outback Steakhouse of Fla. LLC*, No. 1:17-CV-01541, 2020 WL 882045 (W.D. La. Feb. 21, 2020)
[22] *Id.* at *4.
[23] *Id.*

booth. The Alexandria Division granted summary judgment because (1) the plaintiff did not provide any evidence showing how long the substance was on the floor before the fall or (2) that the amount of time was sufficient for Outback to discover it through the exercise of reasonable care.[24] The court also significantly declared the mere presence of an employee in the vicinity in which the condition existed is not sufficient to establish constructive notice.[25]

The Western District is not the only court who consistently grants summary judgment when there is no evidence of constructive notice. Time and time again, when a plaintiff cannot show the complained of condition existed for some period of time, the case is terminated.[26] As in the long line of cases, there is no evidence that the cat feces was on the ground for any period of time prior to Ms. Hamilton's slip and fall.[27]

What is positively clear is Ms. Hamilton cannot meet her burden of proof. The undisputed facts of this case are as follows:

1. Ms. Hamilton does not know how the feces came to be on the ground;[28]

2. Ms. Hamilton does not know how long the feces was on the ground before she fell;[29]

3. Ms. Hamilton shopped in Lowe's Garden Center for "longer than 10 minutes . . . [but] [l]ess than an hour"[30] and saw no evidence of animals or feces;[31]

---

[24] *Id.* at *8.
[25] *Id.* at *10.
[26] *Peterson v. Brookshire Grocery Co.*, No. CV 16-1646, 2017 WL 5147615, at *1 (W.D. La. Nov. 6, 2017), aff'd, 751; *Bennett v. Wal-Mart Stores, Inc.,* 2018-354 (La. App. 3 Cir. 12/6/18); *Grantham v. Eldorado Resort Casino Shreveport*, 49,474 (La. App. 2 Cir. 11/19/14), 152 So. 3d 1028, 1030, writ denied, 2014-2654 (La. 3/6/15), 160 So. 3d 1290; *Luft v. Winn Dixie Montgomery, LLC*, 16-559 (La. App. 5 Cir. 2/8/17), 228 So.3d 1269, 1271.
[27] See, *White*, 699 So.2d at 1084-85 ("When a plaintiff simply shows that a condition existed without an additional showing that it existed for some time before the fall, [she] has not carried the burden of proving constructive notice as mandated by the statute.")
[28] Exhibit A at Page 36-37.
[29] Exhibit A at Page 36-37.
[30] Exhibit A at Page 30, lines 2-9 (A: It was probably a little bit longer than ten minutes. Q: Okay. Less than thirty, do you think? A: Not sure. Q: Not sure. A: It wasn't an hour. Q: Okay. Less than an hour? A: Yes.).
[31] See, Exhibit A at Page 29, lines 5-9 (A: It [her path of entry] was in the vicinity but not . . . the exact path that I took).

4. The consistency of the cat feces – wet and fresh – evidences the recency of the deposit before Ms. Hamilton's fall;[32]

5. Lowe's employees testified they do not know how the feces came to be on the floor or how long it was there; and[33]

6. Lowe's employee walked near the area of Ms. Hamilton's fall less than thirty minutes before it happened and there was no cat feces on the ground. [34]

The only thing Ms. Hamilton can do is suggest to this Court that the cat feces was on the ground for some period of time before her slip and fall. But Louisiana courts have repetitively held that mere speculation and circumstantial evidence is not positive evidence sufficient to establish notice.[35] This Court dismissed the claims in *Walmart*, and must do so here. Not only is Ms. Hamilton's suggestion not sufficient to meet her burden of proof under the law, but it is also not consistent with the evidence. The total lack of evidence is fatal to Ms. Hamilton's claim and warrants summary dismissal.

## CONCLUSION

A plaintiff under the Louisiana Merchant Liability Statute is mandated to prove the store had notice of the complained-of condition. Ms. Hamilton cannot prove this requirement. She has not and cannot present any positive evidence to show Lowe's actual or constructive knowledge of the cat feces on the floor. Summary dismissal is mandated.

*Signature Block on Next Page*

---

[32] Exhibit B at Page 22, lines 23-25 (Q. Okay. Did she have any of the feces on her shoes or her clothes that you remember? A. As I recall she had some on her boots.).
[33] See, Debra Calvin's Deposition attached hereto as Exhibit C at Page 70-71.
[34] Exhibit C at Page 72.
[35] *White*, 699 So.2d at 1084-85. *Comeaux v. Winn-Dixie Montgomery, L.L.C.*, 2013-407 (La. App. 3 Cir. 10/9/13), 2013 WL 5539240, at *3.

        **TAYLOR, WELLONS, POLITZ & DUHE, APLC**

BY: *s/Lacey Sanchez Rispone*
Paul J. Politz (Bar Roll No. 19741)
D. Scott Rainwater (Bar Roll No. 30683)
Lacey Sanchez Rispone (Bar Roll No. 38394)
4041 Essen Lane, Suite 500
Baton Rouge, LA 70809
Telephone: (225) 387-9888
Fax: (225) 387-9886
***Counsel for Lowe's Home Centers, LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in this proceeding by:

| | | | |
|---|---|---|---|
| ( ) | Hand Delivery | ( ) | Prepaid U.S. Mail |
| ( ) | Facsimile | ( ) | Electronic Mail |
| (X) | ECF/CM Filing System | | |

Baton Rouge, Louisiana this 20th day of May, 2020.

        *s/ Lacey Sanchez Rispone*
        TAYLOR, WELLONS, POLITZ & DUHE, APLC