UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **MARGARET M. HAMILTON** | * | **CIVIL ACTION NO.: 5:19-CV-01201** |
| | * | |
| | * | **JUDGE S. MAURICE HICKS, JR.** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE HAYES** |
| | * | |
| **LOWE'S HOME CENTERS, L.L.C.** | * | **JURY TRIAL** |

**LOWE'S REPLY BRIEF TO PLAINTIFF'S OPPOSITION
TO LOWE'S MOTION FOR SUMMARY JUDGMENT**

This case is simple: Ms. Hamilton must prove Lowe's had notice of the cat feces. *And she cannot meet her negligence burden of proof under the Louisiana Merchant Liability Act because there is no evidence Lowe's had any notice, actual or constructive, of the cat feces before Ms. Hamilton slipped and fell.* Ms. Hamilton spends unnecessary pages taking this Court through a duty analysis, presumably in an effort to distract this Court from the only issue before the Court - notice.

Neither Ms. Hamilton nor Lowe's employees have knowledge or evidence of how the cat feces came to be on the ground or for how long it was there.[1] Plaintiff's counsel amuses in his

---

[1] See, Exhibit A, Deposition of Margaret Hamilton, at Page 36-37 attached to Lowe's Memorandum in Support of their Motion for Summary Judgment ("Q: But did you see a dog? A: No. Q: Deposit this there? A: No. Q: Did you see a cat deposit this there? A: No. Q: So, you didn't know about it on the floor until after you fell? A: Right. Q: [Y]ou don't know how it got there[?] A: No. Q: So you wouldn't know how long it was on the floor? A: No. Q: . . . [D]o you know of anybody who knew how long it was on the floor? A: No. Q: . . . [And] you don't know of any Lowe's employee that knew how long it was on the floor? A: No.[1]"); See, Exhibit C, Deposition of Debra Calvin, at Page 70-71 attached to Lowe's Memorandum in Support of their Motion for Summary Judgment. ("Q: . . . [Y]ou started your shift at 9:00 a.m.; is that correct? A: Yes. Q: Did you see any animals in the garden center that day? A: No. Q: Did you see any animal feces on the ground that day? A: No. Q: Did you have any complaints of animal feces in the lawn and garden center that day? A: No. Q:. . . Had you ever seen animal feces on the ground in the lawn and garden center? A: No. Q: Did you ever have any complaints of animal feces on the ground in the garden center? A:No."); See, Exhibit B, Deposition of Michael Copelin, at Page 48 attached to Lowe's Memorandum in Support of their Motion for Summary Judgment. ("Q: [D]id you see any animals at Lowe's that day? A: I did not. Q: And did you see any feces

1

efforts to distract this Court from the merits of this case by stating Lowe's should have seen the cat "striking a pose as it defecated on the floor."[2] *But the real humor is every federal case Ms. Hamilton cites supports granting summary judgment in favor of Lowe's*:

    First, in *Finley v. Racetrac Petroleum, Inc,* the Court explicitly states, "[W]hen a claimant is relying upon constructive notice . . . the claimant must come forward with positive evidence . . . Mere speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff."[3] Still, Ms. Hamilton handpicks a single line from the *Finley* case pertaining to circumstantial evidence. But the Western District – Alexandria Division – distinguished this line in *Riley v. Wal-Mart Louisiana, L.L.C.* which specifically held "speculation is insufficient to establish actual or constructive notice."[4] Next, Ms. Hamilton relies upon *Boles v. Wal-Mart Stores, Inc.* But the *Boles* court held, "speculation and negative reasoning are not sufficient to carry Plaintiff's burden of putting forth "positive" evidence that the damage-causing condition existed for some period of time."[5] Last, Ms. Hamilton cites *Johnson v. Wal-Mart Stores, Inc.* But the *Johnson* court found the evidence presented was insufficient to show the condition existed for such a period of time to establish constructive notice. Specifically, the plaintiff in *Johnson* testified she did not know the source of the liquid substance, she had no information suggesting how the liquid

---

at Lowe's that day . . . other than the incident with Ms. Hamilton? A: No, I did not. Q: Did you get any complaints of feces that day other than the incident with Ms. Hamilton? A: No, I did not.").

[2] See, Plaintiff's Opposition to Lowe's Motion for Summary Judgment at Page 9.

[3] *Finley v. Racetrac Petroleum, Inc.*, 48,923 (La. App. 2 Cir. 4/9/14), 137 So. 3d 193, 197

[4] *Riley v. Wal-Mart Louisiana, L.L.C.*, No. 1:16-CV-01340, 2018 WL 2294059, at *3 (W.D. La. May 17, 2018). Ms. Hamilton cites *Finley v. Ractrac Petroleum*, handpicking a single line from a *Bassett v. Toys "r" Us Delaware, Inc.* that stated "plaintiff is not required to prove by eyewitness testimony that the hazardous condition existed for a certain number of minutes prior to the fall. Instead, the factfinder can reasonably infer from circumstantial evidence that it is more probable than not that the condition existed for such time prior to the accident that it should have been discovered and corrected*.*" But in 2017, the Western District distinguished *Bassett* (and, thus, *Finley*) in *Riley* stating circumstantial evidence was not sufficient to establish notice. See, *Finley v. Racetrac Petroleum, Inc.,* 48,923 (La. App. 2 Cir. 4/9/14), 137 So. 3d 193, 198 (quoting *Bassett v. Toys "R" Us Delaware, Inc.,* 36,434 (La.App.2d Cir.12/30/02), 836 So.2d 465, *writ denied,* 2003–0560 (La.04/25/03), 842 So.2d 408.).

[5] *Boles v. Wal-Mart Stores, Inc.*, No. CV 15-373-EWD, 2016 WL 3448609, at *5 (M.D. La. June 17, 2016) (citing, *Allen v. Wal-Mart Stores, Inc.*, 850 So. 2d 895, 898 (La. App. 2 Cir. 2003) ("mere speculation or suggestion is not enough to meet the stringent burden.").

substance came to be on the floor, how long the liquid substance was on the floor before her slip, or whether a Wal–Mart employee was aware the liquid substance was on the floor prior to the slip and fall. Based on this testimony, the Middle District held the plaintiff could not establish Wal-Mart's notice.[6]

The courts, including the Western District, granted summary judgment in all of these cases because – just like Ms. Hamilton – the plaintiffs provided no positive evidence of the defendants' notice. And just like *Johnson*, Ms. Hamilton and Lowe's employees testified they did not know how the feces came to be on the ground or how long the feces was on the ground before she fell.[7]

Furthermore, Ms. Hamilton does not address this Court's ruling in *Washington v. Wal-Mart Louisiana LLC*.[8] Instead, Ms. Hamilton string cites additional cases, which predictably also support Lowe's summary judgment. In *Boles v. Wal-Mart Stores, Inc.,* the court found the defendant did not have notice of the spill because the evidence showed the spill was fresh because it "[did] not appear to be partially dried."[9] The *Boles* holding and the testimony of the Lowe's employees proves the cat feces at issue was not on the ground for any length of time to give notice to Lowe's because the feces was wet and fresh.[10] Likewise, Ms. Hamilton cites *Henry v. Wal-Mart Stores, Inc.* which supports summary dismissal of Ms. Hamilton's claim. The *Henry* plaintiff slipped and fell in a mushy substance in the frozen food aisle. The *Henry* plaintiff met her burden of constructive notice because the substance which caused the plaintiff to fall "had been on the

---

[6] *Johnson v. Wal-Mart Stores, Inc.*, No. CIV.A. 13-535-RLB, 2014 WL 7359051, at *4 (M.D. La. Dec. 23, 2014).
[7] See, Exhibit C, Debra Calvin's Deposition at Page 70-71 attached to Lowe's Memorandum in Support of their Motion for Summary Judgment.
[8] See, generally *Washington v. Wal-Mart Louisiana LLC*, No. CV 16-1403, 2018 WL 2292762, at *1 (W.D. La. May 17, 2018).
[9] *Boles v. Wal-Mart Stores, Inc.*, No. CV 15-373-EWD, 2016 WL 3448609, at *6 (M.D. La. June 17, 2016).
[10] See, Exhibit B, Deposition of Mike Copelin, at Page 48, lines 3-9 attached to Lowe's Memorandum in Support of their Motion for Summary Judgment. Note the objections. ("Q: Can you tell me the consistency of the feces that was on the ground? . . . A: It was wet. Q: Okay. Did it appear fresh? . . .THE WITNESS: Yes."); *Id*. at Page 48, lines 3-9. Note the objections. ("Q: Can you describe the consistency of the feces for me, please? THE WITNESS: . . . It was smeared. It appeared to be moist [.]").

floor long enough for it to have melted."[11] Here, the cat feces deposited was described as "wet" and "fresh."[12] Again, if the feces had been on the ground for any length of time, it would have dried out just as the frozen food had time to melt in the *Henry* case.

Moving away from the issue before the Court, Ms. Hamilton suggests Lowe's motion is premature due to a lack of discovery. And Ms. Hamilton proposes a list of "unanswered" questions in an attempt to defeat summary judgment – arguing Ms. Hamilton was not afforded the opportunity to depose the Lowe's employees identified by Lowe's on November 11, 2019.[13] Ms. Hamilton's argument is transparent and erroneous.

This Court issued a Scheduling Order on November 20, 2019, setting a discovery deadline of April 20, 2020.[14] In January, Plaintiff's counsel indicated an intent to depose all of the Lowe's employees identified by Lowe's – Debra Calvin, Mike Copelin, Marlon Smith, and Drake Sparks. However, upon notice that both Smith and Sparks no longer worked for Lowe's, Plaintiff's counsel elected to proceed with Calvin and Copelin only.

Following the depositions of Calvin and Copelin on February 11, 2020, Plaintiff's counsel made no effort – phone call, email, text, subpoena, deposition notice, personal note, or carrier pigeon – to schedule the remaining depositions prior to the expiration of the discovery deadline. But now, Plaintiff's counsel blames Lowe's for his inaction claiming Lowe's "has not produced those employees" for depositions.[15] This blame, of course, is misplaced and is disingenuous at best. Indeed, on February 6, 2020, Lowe's produced discovery responses which identified Smith and Sparks as former employees.[16] Moreover, Plaintiff's counsel inquired into the whereabouts

---

[11] *Henry v. Wal-Mart Stores, Inc.*, 1999-1630 (La. App. 3 Cir. 3/1/00), 758 So. 2d 327, 329, writ denied, 2000-0929 (La. 5/26/00), 762 So. 2d 1107
[12] Supra, n. 10.
[13] See, Lowe's Initial Disclosures sent to Ms. Hamilton on November 11, 2019 attached hereto as Exhibit D.
[14] See, this Court's Scheduling Order issued by this court on November 20, 2019 attached hereto as Exhibit E.
[15] See, Plaintiff's Opposition to Lowe's Motion for Summary Judgment at Page 8.
[16] See, Exhibit F, Lowe's Responses to Plaintiff's Interrogatories and Requests for Production of Documents at

of Smith and Sparks during his examinations of both Copelin and Calvin.[17] Only after the expiration of this Court's deadline and Lowe's filing of this motion does Plaintiff's counsel now seek additional discovery.

Ms. Hamilton bears the burden to prove that Lowe's either knew or should have known of the cat feces before her fall. There is no summary judgment evidence supporting this heavy burden. Rather, Ms. Hamilton provides only insufficient speculation and one dubious prematurity argument. This Court properly granted summary judgment in *Washington,* and has been provided a list of other cases which support dismissal of Ms. Hamilton's claims – *Finely, Riley, Boles, Johnson,* and *Henry* as outlined herein. Lowe's respectfully asks this Court to follow the voluminous, supporting precedent in this case and grant Lowe's motion.

**TAYLOR, WELLONS, POLITZ & DUHE, APLC**

BY: *s/Lacey Sanchez Rispone*
Paul J. Politz (Bar Roll No. 19741)
D. Scott Rainwater (Bar Roll No. 30683)
Lacey Sanchez Rispone (Bar Roll No. 38394)
4041 Essen Lane, Suite 500
Baton Rouge, LA 70809
Telephone: (225) 387-9888
Fax: (225) 387-9886
lrispone@twpdlaw.com
***Counsel for Lowe's Home Centers, LLC***

---

Interrogatory Nos. 2 and 10 identifying Drake Sparks and Marlon Smith as former employees of Lowe's.

[17] See, Exhibit B, Deposition of Mike Copelin, at Pages 8 lines 10-25; Page 9 lines 1-18; and Page 26, lines 2-3 attached to Lowe's Memorandum in Support of their Motion for Summary Judgment. (Q: Do you know what happened to Drake? A: I believe Drake left the company. Q: Okay. Do you know here Drake is? A: I think Drake works for Academy Sports. Q: Do you still keep up with him, or just think that? A: I have not spoken to Drake since he left. Q: Okay. But you have heard through the grapevine he is at Academy? A: Yes. Q: And that he still lives in Shreveport-Bossier area? A: Yes . . . My understanding is that it is in Shreveport-Bossier . . . Q: Okay. Do you know when he left? A: I do not recall Q: Do you know why he left? A: I do not know . . . Q: And who is Marl[on] Smith? A: He was our human resource manager.); See, Exhibit C, Debra Calvin's Deposition at Page 18 lines 15-18 attached to Lowe's Memorandum in Support of their Motion for Summary Judgment. (Q: Do you know Drake Sparks? A: Yes Q: Does Drake still work at the Mansfield Lowe's? A: No . . . Q: Do you know what happened to Drake? A: No. Q: You just know one day he was not there anymore? A: Correct . . . Q: Drake Sparks, was he working out there [on the date of the alleged incident]? A: No Q: How about Marl[on] Smith? A: No.).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in this proceeding by:

| | | | |
|---|---|---|---|
| ( ) | Hand Delivery | ( ) | Prepaid U.S. Mail |
| ( ) | Facsimile | ( ) | Electronic Mail |
| (X) | ECF/CM Filing System | | |

Baton Rouge, Louisiana this 10th day of June, 2020.

*s/ Lacey Sanchez Rispone*
TAYLOR, WELLONS, POLITZ & DUHE, APLC